Mr. Chief Justice TANEY
delivered the. opinion of the court.
Upon looking into the record, in this case, we find that there was no final judgment in the Circuit Court, and consequeiiUy no writ of error will lie from this court.
It appears that the -plaintiff in error brdught an action of trespass against the defendant, in-the District Court for the. Middle District of Alabama, for taking and carrying away certain goods and .chat-ties alleged. to be the property of the plaintiff, and recovered a judgment for ‡ 3,709.94 and costs-
. A bill of exception was -taken by the defendant to the rulings of the court upon several points raised at the trial, and the case re1 moved by writ of error to the Circuit Court for the- Southern District of Alabamá, where the judgment of the' District Court'was reversed with costs: And upon this judgment of reversal, without any further proceedings in the Circuit Court, the plaintiff sued out a writ of error from this court.
The writ of error to remove, the case to the Circuit Court is given by the act of 1839, ch. 2Ó, § 9 ; and as this law contains no special provision in relation to the judgments of the Circuit Court, in such cases, .the decisions of that court must be reexamined here, *126 in the manner and upon the principles prescribed in the general laws upon that subject.
The judiciary act of 1789, § 24, provides, that where the judgment of a, District Court is reversed in the Circuit Court, such court shall proceed to render such judgment as the District Court should have rendered. Under this act, however, the judgment of a Circuit Court upon a writ of error to a District Court could not be reexamined in this Court; no writ of error in such cases being given. And so the law stood until the act of July 4th, 1840, ch. 43, § 3, which provides that writs of error in such cases shall lie, upon the judgment of a Circuit Court, “ in like manner and under the same regulations, limitations, and restrictions as were there provided by-law for writs of error on judgments rendered upon suits originally brought in the Circuit Court.” And, under the 22d seótion of the act of 1/89, writs of. error on judgments rendered m a Circuit Court upon suits originally brought there will lie only in cases when the judgment is a final one, and the matter in dispute exceeds the sum or value of two thousand dollars, exclusive of costs.
It is evident that the judgment of the Circuit Court now before us is not a final one.' It does not dispose of the matter in dispute. And if it was affirmed in this court, it would still leave, the matter in dispute open to another suit; and might result in another writ of error to remove it to the Circuit Court, and then again to this court. The act of Congress certainly never intended to sanction such fruitless and inconclusive litigation ; and therefore directed that the Circuit Court should give such judgment as the District Court ought to have given, that is to say, a final judgment upon the matter in dispute. Instead of suing out a writ of error upon the judgment of reversal, the plaintiff should have taken, the necessary steps to bring his case to a final decision in the Circuit Court, in the same manner-as if the suit had been originally brought ther.e. And if he supposed any of the ruljngs or instructions 6f the court at the trial to be erroneous, he would, have been entitled to his exception, and this court could- then by writ of error have reexamined the judgment of the Circuit.Court, and finally decided upon the matter in controversy in the suit.
But upon the judgment of reversal only, which leaves the'dispute between the parties still open, no writ of. error will lie, and the writ issued in this case must therefore, be dismissed.

Order.

This cause qame on to'be heard on the transcript of the record from the Circuit Court of the United States for the Southern District of Alabama, and was argued by counsel. Ón consideration •whereof, it. is now-here ordered and adjudged by. this court that this cause be and the same is hereby dismissed for the want of jurisdiction.